IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| **ROBERT LARGE ex rel., S.L., a minor,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **No. 12 C 50101** |
| **v.** | ) | |
| | ) | **Iain D. Johnston** |
| **CAROLYN W. COLVIN[1], Acting** | ) | **Magistrate Judge** |
| **Commissioner of Social Security,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION AND ORDER

Robert Large filed an action seeking review of the final decision of the Commissioner of

Social Security ("Commissioner") denying his application to recover Supplemental Security

Income ("SSI") on behalf of his minor daughter, S.L., ("Plaintiff") under Title IX of the Social

Security Act. 42 U.S.C. § 1382c(a)(3)(C). On June 6, 2013, the Court remanded the case to the

Administrative Law Judge ("ALJ") for further evaluation. *Large ex rel., S.L. v. Colvin*, 12 C

50101, 2013 WL 2458348, at *9 (N.D. Ill. June 6, 2013). Plaintiff now seeks to recover her

attorneys' fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d),

arguing that the Commissioner's position in defending the ALJ's decision was not "substantially

justified." Plaintiff argues that she is entitled to an increase from the statutory rate of $125.00

per hour because of an increase in the cost of living and a "special factor" within the meaning of

§ 2412(d)(2)(A). For the reasons set forth here, Plaintiff's application for $12,050 in fees is

granted.

---

[1] Pursuant to Federal Rules of Civil Procedure 25(d), we have substituted Carolyn W. Colvin for Michael J. Astrue as the appellee.

## *DISCUSSION*

Under the EAJA, a plaintiff is eligible to recover attorneys' fees if: (1) she makes a timely application for fees; (2) she is a "prevailing party"; (3) the Government's position was not "substantially justified"; and (4) no special circumstances makes an award unjust. 28 U.S.C. § 2412(d)(1)(A)-(B); *Scott v. Astrue*, 08 C 5882, 2012 WL 527523, at *1 (N.D. Ill. Feb. 16, 2012). The Commissioner concedes that Plaintiff has satisfied these requirements and is entitled to an award of fees and costs in this case. However, the Commissioner contends that the number of hours requested and the rate sought are unreasonable and excessive.

Plaintiff submitted an itemization of time showing that her attorneys worked a total of 64.3 hours, including time spent preparing the fee petition. Doc. 34, at Exhibit C. Specifically, Barry Schultz worked 6.2 hours; Elizabeth Hollingsworth worked 57.3 hours; and another attorney only identified as "CM" worked .8 hours. *Id*. Three legal assistants worked an additional 1.7 hours. *Id*. Plaintiff seeks an attorneys' rate of $185 per hour based on the "All items" figure provided by the Consumer Price Index ("CPI") for August 2012, when her lawyers performed most of the work for this case. *Id*. at 6-7, Exhibit A. She also seeks $95 per hour for the legal assistant work. *Id.* 7.

The Commissioner raises the following three objections to Plaintiff's fee petition: (1) the number of hours charged by the attorneys is unreasonable and should be reduced to 20 hours total; (2) the attorney hourly rate sought by Plaintiff is too high and should be reduced to the presumptive statutory maximum of $125 per hour; and (3) any award of fees must be made payable directly to Plaintiff. Doc. 41, at 3-10. The Commissioner does not challenge the $95

hourly rate requested for the legal assistant work.  The Court considers each of the Commissioner's objections in turn.

### A.  Number of Attorneys' Hours

The EAJA provides in relevant part that a court may award reasonable attorneys' fees to the prevailing party in a civil action brought against any agency of the United States, including civil actions to review social security decisions of the Social Security Agency. 28 U.S.C.A. § 2412(b).   The prevailing party has the burden of proving that the hours worked were reasonable. *Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). Courts should not grant fee requests that are "excessive, redundant, or otherwise unnecessary." *Id.* at 434.  "While no precise rule or formula for determining what fees are reasonable exists, courts should avoid engaging in an arbitrary determination of how long a reasonable attorney would spend on certain matters." *Seabron v. Astrue*, 11 C 1078, 2012 WL 1985681, at *1 (N.D. Ill. June 4, 2012) (internal citations omitted).

The Commissioner contends that Plaintiff's attorneys' fees are excessive and unreasonable because: (1) Plaintiff's case was routine; (2) Social Security disability law has not changed much in recent years; (3) Plaintiff did not raise any new or novel issues; (4) Plaintiff's arguments in her summary judgment briefs were routinely made in child Social Security disability cases; (6) Plaintiff's attorney is highly experienced in litigating Social Security disability cases, so he should have been more efficient; and (7) the 381-page record was small.

Doc. 41, at 3-4. The Commissioner guesstimates[2] that 20 attorney hours is much more reasonable for this case. *Id*. at 4.

Plaintiff contends that the hours spent were warranted because this case raised numerous legal issues that required detailed factual assessment of the 394-page administrative record, and considerable time was necessary to draft the reply brief because the Commissioner responded to numerous issues raised by plaintiff in his opening brief. Doc. 34 at 7-8. Additionally, Plaintiff argues that the Commissioner did not point to any cases in this Circuit to bolster his arguments, and impermissibly speculated that Plaintiff's case was "routine" and should have taken less time. *Id.* at 5-8. Plaintiff also points to decisions within this circuit awarding fees for 40 to 88.2 hours of work in the district court. *Id.* at 7-8.

The Court agrees with Plaintiff. The Commissioner failed to "point out arguments that were unnecessary or excessive time spent on arguments properly made." *Bryan v. Astrue,* No. 08 C 5472, 2010 WL 43834, at *4 (N.D. Ill. Feb 8, 2010). To successfully challenge the number of attorney hours requested under the EAJA, the Commissioner should do more than speculate as to how many hours it should have taken an attorney to litigate the case. Mere conjecture that a particular case is routine and requires significantly less time to prepare is insufficient to overcome the evidence presented by Plaintiff justifying the attorney hours charged in this case.

---

[2] Merriam-Webster defines guesstimate as "an estimate usually made without adequate information." *See* http://www.merriam-webster.com/dictionary/guesstimate. "Guesstimate" is particularly appropriate to describe the Commissioner's proposed figure because she provides no support for it, aside from her own speculation as to how long it should have taken Plaintiff's attorneys, Barry Schultz and his staff, to litigate Plaintiff's case. *See* Doc. 41, at 4-5. Other courts have rejected the same arguments and 20-hour billable hour estimate offered by the Commissioner in other cases litigated by Attorney Schultz as "simply an arbitrary guess as to what the Commissioner believes is reasonable." *See Ibarra-Montufar v. Colvin*, 12 CV 736, 2013 WL 6507865, *4 (N.D. Ill. Dec. 12, 2013); *see also Brazitis v. Colvin*, 11 C 7993, 2013 WL 6081017, *1-2 (N.D. Ill. Nov. 19, 2013) ("But it is an issue we have seen before—same attorney, same proof, same argument from the Commissioner…we reject the Commissioner's position for reasons articulated at length in *Booker v. Colvin,* 2013 WL 2147544, *3 (N.D. Ill. 2013), which the Commissioner continues to refuse to respond to, at least in cases before this court.") Going forward, the parties should carefully review the cases cited herein and advance cogent arguments based on law and fact.

*Ibarra-Montufar*, 2013 WL 6507865 at \*4 (rejecting Commissioner's arguments to reduce fees because the case was routine and the lead attorney was highly experienced in Social Security disability law). Instead, the Commissioner should have pointed to specific line items that it deemed excessive and explained why those requested fees were unwarranted. *Id*. Where the Commissioner offers "no objective standard" and "no rationale" for concluding that the Plaintiff's attorneys' hours were excessive, a decision on whether the number of hours was reasonable is "arbitrary." *See O'Sullivan v. City of Chicago*, 484 F. Supp. 2d 829, 837 (N.D. Ill. 2007) (rejecting Defendant's objections because it failed to submit affidavits from experienced attorneys attesting to the time required to complete the challenged charges, which would have provided a legitimate basis for concluding that the hours billed were excessive). The Court cannot reduce the number of attorney hours requested absent a clear indication why such a reduction is warranted. *Id*.

The Court notes that 64.3 hours is not outside the realm of reasonableness, particularly for a child's social security disability case where the Plaintiff raised a substantial number of valid arguments. *See, e.g., Claiborne ex rel. L.D. v. Astrue*, 877 F. Supp. 2d 622, 623-28 (N.D. Ill. 2012) (granting Plaintiff in child disability case an upward adjustment in the hourly rate to $181.25, and awarding her $13,372.84 in attorneys' fees); *Brazitis*, 2013 WL 6081017 at \*1-2 ("Spending a week on an opening brief does not seem inordinate, even where the record is relatively small and the arguments are routine, as they were here."); *Schulten v. Astrue,* No. 08 C 1181, 2010 WL 2135474, at \*6 (N.D.Ill. May 28, 2010) (collecting cases finding that permissible range of attorney hours spent in district court for social security cases is 40 to 60 hours); *Porter v. Barnhart*, 04 C 6009, 2006 WL 1722377, at \*4 (N.D. Ill. June 19, 2006) (awarding 88.2 hours of attorneys' fees). Plaintiff presented a detailed billing statement showing that her attorneys

spent a reasonable amount of time reviewing the voluminous record, researching, and drafting

the briefs. *Id*. at 6-7, Exhibit A.  Plaintiff raised multiple issues in her opening brief, including

that the ALJ failed to make required credibility determinations and provided a deficient

functional equivalence determination regarding her ability to acquire and use information.

Additionally, Plaintiff responded to six issues in her reply.   The attorneys' billing statements

reflects no double-billing for tasks.  Accordingly, the Court will not reduce Plaintiff's attorneys'

fee request based alone on "vague ideas of reasonableness". *See Seabron*, 2012 WL 1985681 at

*3; *O'Sullivan*, 484 F. Supp. 2d at 837.

### B.  Hourly Rate

The EAJA provides that the amount of attorneys' fees awarded "shall be based upon

prevailing market rates for the kind and quality of the services furnished, except that ... attorney

fees shall not be awarded in excess of $125 per hour unless the court determines that an increase

in the cost of living [since 1996, when the current version of the Act was passed] or a special

factor, such as the limited availability of qualified attorneys for the proceedings involved,

justifies a higher fee." *Mathews–Sheets v. Astrue,* 653 F.3d 560, 562 (7th Cir. 2011) (quoting 28

U.S.C. § 2412(d)(2)(A)(ii)).  Recognizing that the $125 presumptive ceiling was "rather

chintzy", the Seventh Circuit in *Mathews-Sheets* held that to justify a higher rate, a plaintiff must

either point to inflation and provide evidence that inflation "has increased the cost of providing

adequate legal service", or show that "a lawyer capable of competently handling the challenge

that his client mounted to the denial of social security disability benefits could not be found in

the relevant geographical area to handle such a case [for $125 per hour]."[3] *Id.* at 562, 563, 565.

In the Commissioner's view, Plaintiff is not entitled to a cost of living increase in this case

because her lawyer has not established either criterion. Doc. 41, at 4-10.

The Commissioner correctly points out that inflation alone is insufficient to support a fee

increase. Doc. 41, at 4-5.  Indeed, the Seventh Circuit recognized that when a Plaintiff argues for

a fee increase because of inflation, "he still must show that it actually justifies a higher fee; for

while it might seem obvious that a statutory price ceiling should be raised in step with inflation,

to do that as a rote matter would produce windfalls in some cases." *Mathews-Sheets*, 653 F.3d at

563; see also *Mireles v. Astrue,* 10 CV 6947, 2012 WL 4853065, at *3 (N.D. Ill. Oct. 11, 2012)

("*Mathews–Sheets* is best read to require a litigant seeking a cost of living increase under the

EAJA to establish two things: (1) that the cost of living in the region has indeed increased to the

degree of his requested adjustment, and (2) that his attorney's costs of providing legal services

have increased in a manner that tends to show that inflation has indeed raised those cost.").

However, by focusing on inflation alone, the Commissioner ignores the other substantial

evidence provided by Plaintiff in support for the fee enhancement.

---

[3] Courts have disagreed about whether *Mathews-Sheets* requires a showing of both criteria. *Compare Oatis v. Astrue,* No. 10 C 6043, 2012 WL 965104, at *1 (N.D.Ill. Mar. 20, 2012) (denying fee increase for failure to prove both inflation and lack of competent counsel willing to take the case for the statutory amount); *Scott v. Astrue,* No. 08 C 5882, 2012 WL 527523, at *5 (N.D.Ill. Feb. 16, 2012) (granting fee increase because Plaintiff proved both criteria); *Seabron v. Astrue,* No. 11 C 1078, 2012 WL 1985681, *3-4 (N.D. Ill. Jun.4, 2012) (same) *with Carnaghi v. Astrue*, 11 C 2718, 2012 WL 6186823, *4 (N.D. Ill. Dec. 12, 2012) ("[T]he Court rejects the Commissioner's contention that a Plaintiff must always show that no competent attorney could be found at a rate of $125 per hour in order to justify an increase in that rate."); *Shipley v. Astrue*, 1:10-CV-1311-DML-TWP, 2012 WL 1898867, at *3 (S.D. Ind. May 23, 2012) (requiring both criteria to award fee increase "ignores the *two* bases under the EAJA that justify a rate higher than the $125 cap…") The Commissioner does not argue that Plaintiff must show *both* increased operating costs due to inflation and that no competent attorney could be found to litigate the case for $125 per hour. The Court agrees with the majority of other courts in this district that recognize that a showing of either criterion is sufficient to justify a rate increase under the EAJA.

Plaintiff does not merely rely on inflation alone to support her petition. She cites

significant increases in her attorneys' operational expenses since 1996, including office rent at

the rate of 3 percent per annum, staff salary (to keep pace with salaries in the market), health

insurance costs, online legal research tools, continuing legal education courses, and supplies.

Doc. 34 at 11-12. Additionally, Plaintiff explained that since the amendment of EAJA in 1996,

her attorney's non-contingency hourly rate has increased 52 percent from $180 to $275. *Id*.

Moreover, Plaintiff attached affidavits from three practicing attorneys in the Social Security

disability field, all indicating that their rates range from $165 to $500 for handling Social

Security claims. *Id*. The Commissioner does not explain why this evidence does not support an

enhancement in the hourly rate, but merely characterizes these increased costs as voluntary

"personal choices" by Plaintiff's attorney, not necessary costs offset by "cost-saving measures".

Doc. 41, at 7-8.

Other courts have found similar evidence sufficient to justify an increase in the $125 ceiling.

*See Brazitis v. Colvin*, 11 C 7993, 2013 WL 6081017, *1-2 (N.D. Ill. Nov. 19, 2013) (granting

increase to $184.75 for work performed by Barry Schultz and his legal staff based on the same

evidence provided in this case); *Booker v. Colvin*, 09 C 1996, 2013 WL 2147544, at *3-5 (N.D.

Ill. May 16, 2013) (granting increase to $169.71 for Barry Schultz); *Scott v. Astrue*, 08 C 5882,

2012 WL 527523, at *6 (N.D. Ill. Feb. 16, 2012) (granting increase in hourly rate to $171.25 for

district court case and $175 for appellate court case); *Claiborne ex rel. L.D.*, 877 F. Supp. 2d at

623-28 (granting increase to $181.25). Accordingly, the Court finds that she has adequately

supported her argument for a rate of $185 based on the increase in the cost of living as it affects

her attorneys' costs in providing legal services in a case such as this. In light of the Court's

finding, it declines to address whether Plaintiff also satisfied the second criteria; namely, that no

competent attorney could be found at the statutory rate. *See Sharkey v. Comm'r of Soc. Sec.*, 11-CV-217-CJP, 2013 WL 3179097, *3 (S.D. Ill. June 21, 2013).

### C. Payment to Attorneys

Finally, the Commissioner argues that any EAJA award should be granted as payable directly to Plaintiff, not to her attorney, pending confirmation that she does not owe a pre-existing debt to the government. Doc. 41, at 9-10. Plaintiff does not object to this point. Because Plaintiff has assigned any fee award to her attorney, however, the Commissioner is to evaluate the propriety of directing payment to Plaintiff's attorney pursuant to that assignment after this Court has issued an order awarding attorneys' fees under the EAJA and the search for offsets has been completed. Accordingly, the award will initially be payable to Plaintiff pending confirmation that she owes no pre-existing debt to the Government, at which point the award will then convert to being payable to her attorney. *See Ibarra-Montufar*, 2013 WL 6507865 at *4; *Claiborne ex rel. L.D.*, 877 F. Supp. 2d at 628.

### IV. CONCLUSION

For the reasons set forth above, Plaintiff's motion for attorney's [sic] fees under the Equal Access to Justice Act [Doc 34] is granted. Plaintiff's application for $12,050 in fees is granted consistent with this Memorandum Opinion and Order.

It is so ordered.

Date: January 13, 2013                    By: _____

                                                    Iain D. Johnston
                                                    U.S. Magistrate Judge